UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BENN GODENZI<br><br>Plaintiff,<br><br>v.<br><br>CMD, LLC DBA KEONIGSEGG CHARLOTTE<br><br>Defendants. | COMPLAINT AND REQUEST FOR JURY TRIAL |

NOW COMES Plaintiff, Benn Godenzi, by and through the undersigned counsel of record, complaining of Defendant, CMD, LLC dba Koenigsegg Charlotte (Defendant) alleges and says unto this Court:

## NATURE OF THE ACTION

This is an action for breach of contract, specific performance and unfair and deceptive trade practices arising from a material breach of contract and failure to perform by Defendants.

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff is an individual residing in Florida and proprietor of luxury vehicles.

2. Defendant CMD, LLC Koenigsegg Charlotte is luxury car dealer in Charlotte, North Carolina whose registered agent is Burton Law Firm, PLLC located at 219 N. Boylan Ave. Raleigh, NC 27603.

3. Defendant is subject to the personal jurisdiction of this court as they purposely availed themselves of conducting activities within the State of North Carolina. Defendant regularly conducts business and employs citizens of the State of North Carolina including in the Western

1

District of North Carolina. At all relevant times, Defendant has continuously done business in the State of North Carolina and in the Western District of North Carolina.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between each Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00. Diversity of citizenship exists because Plaintiff is a citizen of Florida and Defendant is a citizen of North Carolina.

## STATEMENT OF CLAIMS

5. Plaintiff engaged in an agreement with Defendants to purchase two custom Koensigsegg luxury vehicles, a Koensigsegg Gemera and a Koensigsegg Jesko.

6. Plaintiff made a deposit of $630,000.00 in February 2021 as an initial down payment on the vehicles. This amount represented 10% of the MSRP.

7. Defendant informed Plaintiff on multiple occasions that they would be able to deliver the vehicles.

8. Plaintiff understood and agreed that the vehicles could take between 18-24 months to manufacture.

9. Plaintiff had been assured by Ryan Wildrick, a managing member for both Defendants, that the vehicles would be delivered.

10. Since August 2022, Plaintiff has not received an update on the delivery of the vehicles and has not received a return of his $630,000.00 deposit.

11. Plaintiff has made multiple inquires with Defendants regarding an update on the vehicles and has not received a response.

12. Plaintiff has been damaged by Defendant's failure to deliver the vehicles in the amount of $630,000.00 plus interest.

## COUNT I:
## BREACH OF CONTRACT

13.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

14.     Plaintiff and Defendant had an agreement for Defendants to deliver two custom Koenigsegg vehicles to Plaintiff after Plaintiff placed a 10% deposit on the vehicles.

15.     Plaintiff made the deposit.

16.     Defendant promised the vehicles would be delivered in 18-24 months.

17.     Defendant failed to deliver the vehicles.

18.     Plaintiff requested a refund and Defendant also to refund Plaintiff the deposit amount of $630,000.00

19.     failure to perform is a breach of the agreement between the parties.

20.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged in the amount of $630,000.00 plus interest.

## COUNT II:
## UNJUST ENRICHMENT

21.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

22.     In the alternative, in the event the Court finds that there is no agreement between the parties or that any such agreement is unenforceable for any reason, or if it is determined that Defendant did not breach any such agreement, then Defendants have been unjustly enriched.

23.     Plaintiff conferred a measurable benefit upon Defendants by paying him $630,000.00.

24. Plaintiff did not confer this benefit gratuitously or officiously.

25. Defendants consciously and knowingly accepted this benefit and have used it to its advantage.

26. Defendants knew this benefit was not being conferred officiously or gratuitously, and knew Plaintiff expected this benefit to be used for the purpose of receiving a financial return to Plaintiff.

27. Plaintiff conferred the benefit based on Defendants' promise of delivery of vehicles to Plaintiff.

28. Defendants have therefore been unjustly enriched in the amount of $630,000.00.

## COUNT III:
## UNFAIR AND DECPTIVE TRADE PRACTICES

29. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Defendants' intentionally misrepresented their ability to deliver the vehicles to Plaintiff.

31. Plaintiff relied upon Defendants' managing member, Ryan W, in his assurance that the Defendants could manufacture and deliver the vehicles within a two year time frame.

32. However, upon information and belief, Defendants and Ryan W. knew they were unable to deliver the vehicles and misrepresented that to Plaintiff to entice him into depositing $630,000.00 with the Defendants.

33. Beginning in March 2021 and throughout the remainder of 2021, Ryan W. continued to guarantee to Plaintiff that the vehicles could be manufactured and delivered to Plaintiff.

34. Ryan W. came back to Plaintiff in 2022 informing him that the price for the vehicles increased.

35. Plaintiff, who has knowledge of the price of these type of vehicles, did not believe that was the case.

36. Plaintiff bgean asking other vendors of these type of vehicles and became aware that Ryan W on behalf of Defendants was not misrepresenting to Plaintiff the price of the vehicles.

37. Plaintiff told Ryan W. that he would pay the price originally agreed.

38. Plaintiff continued to press Ryan W. and other representatives of Defendant when the vehicles would be ready for delivery.

39. Defendant never delivered the vehicles and failed to refund the deposit when requested.

40. Ryan W. and Defendants used Plaintiff's deposit for other purposes and failed to provide Plaintiff with an update on the status of the manufacture of the vehicles or provide a status on the use of the funds.

41. Defendants' actions constitute misrepresentation and conversion.

42. Defendants' actions were more than a breach of contract, Defendants' conduct was egregious and unscrupulous that constituted an unfair and deceptive trade practice.

43. Defendants' conduct and practices occurred in commerce, were unfair and deceptive trade practices, and entitle Plaintiff to treble their actual damages and recover attorney's fees, pursuant to the provisions of N.C.G.S.§ 75-1.1, et seq. and § 75-16.1, et seq.

# COUNT IV:
# CONVERSION

44. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45. Before Plaintiff wired the Defendants $630,000.00 in February 2021, the funds belonged to Plaintiff.

46. Defendants were supposed to use the funds to go towards the purchase of two custom vehicles.

47. Defendants never delivered the vehicles and never accounted for the funds.

48. Defendants converted Plaintiff's funds for their own personal use after Plaintiff made a demand for their return.

49. Defendants are liable to Plaintiff for their conversion of $630,000.00 plus interest and costs.

50. Defendants' conversion was willful and wanton conduct that gives rise to punitive damages against Defendants, who are jointly and severally liable for this conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, seeks judgment against the Defendants as follows:

1. Under Claim I, enter a judgment against Defendants in favor of Plaintiff that Defendants are jointly and severally liable for the Breach of Contract in the principal amount of no less than $630,000.00 and interest at the legal rate of eight percent per annum, accruing from date of default, until paid; and

2. Under Claim II, enter a judgment against Defendants in favor of Plaintiff that Defendants are jointly and severally liable for their unjust enrichment of $630,000.00 plus interest allowed by law;

3. Under Claim III, enter a judgment against Defendants in favor of Plaintiff that Defendants are jointly and severally liable for unfair and deceptive trade practices in an amount equal to treble the compensatory damages, and that Defendants be ordered to pay Plaintiff's attorneys' fees pursuant to N.C.G.S. § 75-16.1;

4. Under Claim IV, enter a judgment against Defendants in favor of Plaintiff that Defendants are jointly and severally liable for conversion of Plaintiff's property for which Defendants are liable for both compensatory and punitive damages;

5. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

6. That the Plaintiff receive a trial by jury on all issues triable by jury;

7. For other such relief to which the Plaintiff may be entitled given the allegations herein, and for any such other relief as the Court may deem just and proper

This the 6 day of March 2025 .

*Lawrence Wooden*
Lawrence Wooden
State Bar No. 47199
HW Legal Group
10130 Mallard Creek Rd. Suite 300
Charlotte, NC 28262
Telephone: 704-954-8094
Facsimile: 704-810-1701

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

BENN GODENZI

    Plaintiff,

v.

CMD, LLC DBA KEONIGSEGG CHARLOTTE

    Defendants.

**AFFIRMATION OF COMPLAINT**

I, Benn Godenzi, the Plaintiff in the foregoing action, state I have read the foregoing Complaint and know the contents thereof, and the same are true of my own knowledge, except as to those matters and things contained therein stated upon information and belief, and as to those matters and things, I affirm and believe them to be true.

Benn Godenzi
Signed by: *Benn Godenzi*
BAB93FE5FF9846B...
Signature

3/6/2025
Date

Docusign Envelope ID: BF0C28D3-395C-4677-B6A9-C332DC71D91D