# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00219-KDB-DCK

BENN GODENZI,

Plaintiff,

v.

CMD, LLC,

Defendant.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant CMD, LLC, D/B/A Koenigsegg Charlotte's Motion for Summary Judgment (Doc. No. 25). The Court has carefully considered this motion, and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** the motion.

## I.      LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); see *United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land*, 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, inter alia, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). And "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *see also Tankesley v. Vidal*, No. 1:21-CV-I448, 2023 WL 4273763, at *2 (E.D. Va. June 29, 2023) ("It is ... well-settled

within the Fourth Circuit that 'where a party submits an affidavit that is inconsistent with a witness's deposition testimony, the contradictory affidavit is disregarded for purposes of summary judgment.'").

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (citation modified). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II.    FACTS AND PROCEDURAL HISTORY

In February 2021, Plaintiff Benn Godenzi entered into an agreement with Defendant CMD, LLC D/B/A Koenigsegg Charlotte ("CMD") to purchase two "build slots" for custom Koenigsegg hyper cars. *See* Complaint (Doc. No. 1) at ¶¶ 5–6. CMD issued to "Benn Godenzi" two invoices reflecting non-refundable deposits totaling $630,000. Doc. Nos. 1 at ¶ 6; 5-1; 5-2. The payments were transmitted that same month, with the sender of the funds identified as "MB Technology Limited" ("MB Technology"). Doc. No. 26-1 at 2. In email correspondence with CMD's Executive Office Administrator Ny Buco, Godenzi provided a screenshot confirming the wire transfer, and Buco responded by confirming receipt of the funds. Doc. No. 26-3 at 1, 15–16.

Godenzi alleges CMD orally promised the two vehicles would be delivered within 18 to 24 months, yet no vehicles have been delivered as of 2026. Doc. No. 1 at ¶ 18. Godenzi further asserts that CMD ceased providing updates on the status of his orders beginning in August 2022. *Id.* at ¶ 17. Godenzi then requested an accounting of the deposits and a refund, but CMD allegedly provided neither. *Id.* at ¶¶ 39, 47. Godenzi now believes that, because the vehicles were never delivered, the funds were not used to secure the promised build slots but were instead diverted for CMD's own benefit. *Id.* at ¶¶ 46–48. Based on this belief, Godenzi initiated this action in March 2025.

In November 2025, the Court ruled on CMD's Motion for Judgment on the Pleadings, concluding that Godenzi's breach of contract, unjust enrichment, and conversion claims could proceed. Doc. No. 16 at 5–6, 9–10. Then, in April 2026, CMD moved for summary judgment on all claims, asserting that Godenzi lacks standing to proceed. Doc. No. 25 at 1. The parties have fully briefed the issues, and the motion is now ripe for disposition.

### III.    DISCUSSION

CMD's sole argument on summary judgment is that Godenzi did not suffer a concrete harm from the alleged breach of contract and he therefore lacks standing to assert any claims under it. According to CMD, MB Technology, the entity from which the funds were transferred, is the "real party in interest," and any contractual claims against CMD must be brought by MB Technology rather than Godenzi. The Court disagrees.

Federal courts are limited by the United States Constitution to deciding actual "cases" or "controversies," and this constitutional restriction requires plaintiffs to establish Article III standing for each claim and each form of relief they seek. U.S. Const. art. III, § 2; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 431 (2021). "[S]imply being a party to [a] contract does not

4

alone establish Article III standing." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175 (4th Cir. 2013). Rather, to satisfy Article III, a plaintiff must clearly allege facts showing that he "(1) suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was caused by the defendant; and (3) that the injury would likely be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Courts assess standing based on the facts as they existed when the complaint was filed and accept the merits of the plaintiff's legal claims as valid for purposes of the standing inquiry. *FEC v. Cruz*, 596 U.S. 289, 298 (2022); *Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022). If a plaintiff fails to establish standing, the court lacks subject-matter jurisdiction and must dismiss the matter. *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022).

Here, although CMD alleges that Godenzi lacks standing because "he did not pay the deposits he seeks to recover," it is undisputed that CMD negotiated and later entered into the agreement with Godenzi, not MB Technology, and that the parties memorialized that agreement with two invoices in Godenzi's name. *See* Doc. No. 5 at ¶ 5 ("CMD admits that … Plaintiff entered into an agreement to purchase a "Build Slot" for [two] extremely limited and highly sought after Koenigsegg … vehicle[s]"; "By agreeing to the transactions reflected in Exhibit A and Exhibit B [(the vehicle invoices)], Plaintiff purchased a Build Slot for both vehicles …."). CMD further admits that it communicated with Godenzi on "many occasions," including to provide assurances that it intends to deliver *to him* the vehicles "for which [he] paid Non-Refundable Reserve Fees," once the vehicles are produced by Koenigsegg AB. *Id*. at ¶¶ 7–8, 27, 39, 47.

Godenzi, the "sole shareholder and owner" of MB Technology, authorized it to transfer $630,000 in deposit fees to CMD. Doc. Nos. 30-1 at ¶¶ 2–6; 30-3 at 2. Although the parties dispute whether CMD promised to deliver the vehicles within two years, it is undisputed that as of May

5

2026, more than five years after agreement was executed and the deposit paid, no vehicles have been delivered, nor is there any anticipated delivery date. These facts establish that Godenzi—the future recipient of the vehicles and the individual for whose benefit the agreement was executed—has a concrete and particularized injury beyond simply being a party to the contract. He therefore satisfies Article III's injury-in-fact requirement and has standing to pursue his claims against CMD.

Moreover, even if CMD is correct and MB Technology—not Godenzi—is the "real party in interest," Godenzi would still have standing to sue as a third-party beneficiary to the contract. *See Loray Master Tenant, LLC v. Foss N.C. Mill Credit 2014 Fund I, LLC*, No. 19 CVS 1024, 2021 WL 661910, at *7 (N.C. Super. Feb. 18, 2021); *Wirth v. Sunpath, LLC*, No. 17 CVS 517, 2017 WL 4126923, at *6 (N.C. Super. Sept. 14, 2017) ("North Carolina has long recognized the right of third-party beneficiaries not in privity of contract to bring an action in their own name to enforce the contract made for their benefit[.]").

In North Carolina, a third party may sue and assert rights under a contract if the parties executed the contract for the third party's "direct benefit." *Griffing v. Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.*, 293 N.C. App. 243, 252, 900 S.E.2d 373 (2024). The court must construe the contract "as a whole to determine whether the parties' purpose was to benefit the asserted third-party beneficiary." *RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 24 F. Supp. 2d 515, 520–21 (M.D.N.C. 1998) (citing *Chemical Realty Corp. v. Home Federal Savings & Loan*, 84 N.C. App. 27, 33–34, 351 S.E.2d 786 (1987)).

As already explained, it is clear and undisputed that Godenzi is a direct and intended beneficiary of the agreement. Godenzi negotiated the agreement with CMD, is the only party listed on the invoices, communicated directly with CMD about the status of the vehicles, is known for

6

purchasing "exotic and hyper cars" from dealers throughout the country, and is the intended delivery recipient of the specific Koenigsegg vehicles at issue. Doc. Nos. 5 at ¶¶ 1, 27, 39, 47; 26-3 at 6, 8.

Accordingly, Godenzi has standing, and CMD's Motion for Summary Judgment will be denied.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 25) is **DENIED;**

2. This case shall **proceed to trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 12, 2026

Kenneth D. Bell
United States District Judge